# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| KEISHYA LOVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV616-068 |
| AMERICAN GENERAL LIFE INSURANCE CO., | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Keishya Love, whose father passed away on February 16, 2016, see doc. 1 at 6, claims that American General Life Insurance Co. (AGLI) refuses to fully honor her father's life insurance policy (of which she is the primary beneficiary) because of racial discrimination. *Id.* at 7. She asks the Court to award her $50,000 (the alleged full value of the policy). *Id.* at 8. AGLI moves to dismiss for failure to state a claim, arguing that (1) Love never alleges any discernible cause of action or theory of relief; and (2) no matter what claim she pursues, AGLI already paid out the full value of her father's policy and thus owes her nothing. Doc. 20; Fed. R. Civ. P. 12(b)(6).

> To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Hayes v. U.S. Bank Nat. Ass'n*, 2016 WL 1593415 at * 2 (11th Cir. Apr. 21, 2016) (quoting *Twombly*, 550 U.S. at 555).

Overlaying that standard of review, courts "generally 'must look beyond the labels of [filings] by *pro se* [plaintiffs] to interpret them under whatever statute would provide relief.' *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates); *cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.")." *Wilkerson v. Georgia*, 618 F. App'x 610, 611-12 (11th Cir. 2015). Simply failing to name the proper cause of action cannot forfeit a *pro se* litigant's claim

2

when she presents facts sufficient to allow claim identification.

Love's Complaint, though not a model of clarity, allows the Court to discern two possible claims: breach of contract[1] (she says her father's policy pays a $50,000 death benefit, yet AGLI allegedly only remitted $1,500, doc. 1 at 5, 10) and race discrimination in violation of 42 U.S.C. § 1981 (she repeatedly notes the many class action lawsuits AGLI faces that accuse it of systematically discriminating against African-Americans by charging higher premiums than those white customers incurred, *id.* at 7-9; *see also* doc. 9 at 1; doc. 11 at 4). Both, however, fail.

Love herself included with the Complaint her father's life insurance policy application, which shows a policy face value of $1,500. Doc. 1 at 16. An AGLI response to an inquiry from Love confirms that amount (*id.* at 20), as does a letter from AGLI sent after Love disputed the $1,500 payout. *Id.* at 15 ("Policy 0869623805 was issued on the life of Buddessie Love as a Whole Life Plan with a face amount of $1,500. . . ."). Because AGLI paid out the full value of the policy (even Love admits

---

[1] "In Georgia, '[t]he elements of a breach of contract claim . . . are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.' *Houghton v. Sacor Fin., Inc.*, No. A16A0009, 2016 WL 3068407, at *2 (Ga. Ct. App. May 31, 2016) (internal quotation marks and citation omitted)." *Coastal Logistics, Inc. v. Aim Steel International, Inc.*, 2016 WL 3842219 at * 2 (S.D. Ga. July 12, 2016).

that it paid a funeral home $1,500, *see id.* at 7), it did not breach its contract with Love's father. *See Coastal Logistics*, 2016 WL 3842219 at * 2.

Her race discrimination claim likewise fails.[2] Love states that she "would like to file a charge of discrimination against" AGLI (doc. 1 at 7), and that she has "evidence and [is] asking for the amount of $50,000 which they advertise." *Id.* at 8. She never illuminates why an advertisement entitles her to that money rather than the amount included in her father's actual policy, nor does she ever provide the aforementioned evidence (she included with her "response" to AGLI's dismissal motion nothing more than a class action complaint from an unrelated case,[3] news articles, and additional conclusory statements, *see* docs. 9-11).

---

[2] "'Among the many statutes that combat racial discrimination, § 1981 . . . has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race.' *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006) (quoting § 1981(a)). The phrase 'make and enforce contracts' is defined to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.' 42 U.S.C. § 1981(b)." *Moore v. Grady Memorial Hospital, Inc.*, 2016 WL 4409291 at * 3 (11th Cir. Aug. 19, 2016).

[3] AGLI's reply brief illuminates that the case Love references, *McNeil v. American General Life & Accident Insurance Co.*, has nothing to do with the type of policy her father held, and in fact specifically excluded them from its proposed class. Doc. 12 at 3 (citing doc. 11 at 4, 7, 25 (the *McNeil* complaint)).

Love insists that her parents stuck with AGLI "through thick and thin," and "through the good and bad times when they was all over the media," yet AGLI "has not stop[ped] discriminating." Doc. 1 at 8-9. But that just begs the question -- *how* did AGLI discriminate against Love's father? Love never says. Instead, she simply plies conclusory assertions -- *e.g.*, "[AGLI] has let my father . . . fall through the cracks, and I Keishya L. Love . . . [am] now seeking justice in this horrific act of racism" (doc. 10 at 2) -- that do nothing to edge her claim closer to factual plausibility.

At bottom, Love's allegations boil down to this: (1) AGLI has been sued by many people for discriminating against African Americans; (2) AGLI today advertises $50,000 policies and sent a letter saying that claims for that amount or higher required certified death certificates; (3) Ergo, they discriminated against Love and her father. In this instance, however, one plus two does not equal three. Particularly since Love had the opportunity to respond to the very criticisms that neutralize her discrimination claim (AGLI raised them in its motion to dismiss) yet never has, her construed § 1981 claim should be denied. Because all Love's claims fail, AGLI's motion to dismiss (doc. 8) should be

**GRANTED**, and her Complaint **DISMISSED WITH PREJUDICE**. Any future motion for leave to appeal *in forma pauperis* should be denied, too, since any appeal would not be taken in good faith (*i.e.*, Love's claims have no factual or legal merit). *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (not taken in good faith means frivolous); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (frivolous means "without arguable merit either in law or fact").

**SO REPORTED AND RECOMMENDED**, this  24th  day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA